# CIRCUIT COURT OF ARLINGTON COUNTY

Frank Sever, Jr.

v.

Henry Alwardt, III,
d/b/a All Keys Marine Services

May 21, 1997

Case No. (Law) 96-958

BY JUDGE BENJAMIN N. A. KENDRICK

This case is before the Court on the Plaintiff's Motion to Reconsider the Court's denial of entry of default judgment against the defendants. For the reasons stated below, the Court denies the Motion to Reconsider.

Plaintiff, an Arlington resident and an attorney licensed in Virginia, transferred his boat to Key Largo, Florida, where it was docked at a marina to be offered to lease. The vessel sank in Florida on July 7, 1995. Plaintiff's insurer hired defendants, Florida residents, to salvage and tow the vessel and make any necessary repairs. After completing an appraisal, the insurer sent a $2,152.40 check to plaintiff to cover the repair, towing, and storage costs. Defendant assured plaintiff orally that the amount of the insurance check would be more than enough to cover the costs of all repairs, and plaintiff endorsed the check and sent it to the defendants. Defendant assured plaintiff that the work had been completed and that the boat was "good as new." When plaintiff's marine insurance was subsequently cancelled, plaintiff contacted defendants to inform them that he would immediately accept delivery of the boat. Defendant advised plaintiff not to come to Florida because the vessel had "taken on water" and was "in trouble" and had lost a substantial portion of its $26,000.00 value. Defendant later told plaintiff that the boat could be sold in its deteriorated condition for $2,500.00 at best. Plaintiff prepared a contract and bill of sale dated May 27, 1996, acknowledging Alwardt, Jr., as

his agent, and it was express mailed to defendants. Plaintiff learned from the insurer that it had paid defendants $6,500.00 for repairs (only $2,152.40 was known to plaintiff), and this was the reason they cancelled plaintiff's insurance. Plaintiff filed a Motion for Judgment for Breach of Contract, Fraud, Conspiracy, and Negligence.

The plaintiff argues in his Motion to Reconsider that this Court has jurisdiction due to defendant's filing of a grievance against plaintiff with the Virginia State Bar Grievance Committee in Richmond. In support of his argument that the defendant, by filing a bar complaint in response to this suit being filed, submitted himself to the jurisdiction of the Virginia courts, plaintiff cites *Lake Bowling Alley v. Richmond*, 116 Va. 429 (1914), which held that a party's admitting the receipt of irregularly served process without questioning its sufficiency and only objecting to the amount of damages amounts to an appearance to the proceeding. *Id.* at 433. In *Lake Bowling Alley*, the city assessor gave notice to the plaintiff that plaintiff's damages as a result of the reduction of the portion of the street which abutted plaintiff's property would be $50.00 and that plaintiff should appear at city hall at a certain date and time to show cause against the ascertainment. This notice was delivered to plaintiff's agent. No one representing plaintiff appeared at the specified time and place; the next day the assessor received a letter from the president of Lake Bowling Alley apologizing for not appearing and claiming that the plaintiff's damages exceeded the $50.00 assessment. Lake Bowling never appealed the assessment, and it was approved by the mayor and became final. Lake Bowling then filed suit against the City, and the court ruled in favor of the defendant. On appeal to the Virginia Supreme Court, the plaintiff argued that the trial court erred in ruling that the notice served by the assessor on plaintiff's agent was "due and legal notice to the plaintiff in error of the ascertainment of the damages accruing to it." Plaintiff's position was that the service on Lake Bowling's agent did not conform to the requirements of the Act of March 12, 1908 (which requires that notice be served directly on an officer). The Supreme Court held, however, that even if it is conceded that the service of the notice on Lake Bowling's agent was irregular, it did not prejudice the company since in the letter to the assessor the president admitted that he actually received notice, and, moreover, plaintiff did not question its sufficiency, nor did he object to the mode of service. This, the Supreme Court ruled, amounted to an appearance to the assessor's proceeding and was a waiver to all questions of service of process.

Plaintiff asserts that when the defendant filed his bar complaint, alleging that the plaintiff had filed a false and malicious suit against him, defendant

admitted that he received process of the case at bar, made no challenge to the sufficiency of the service of process, and responded to the merits of plaintiff's case against him. Accordingly, plaintiff argues, the defendant has made a general appearance in this case, and thus Virginia has jurisdiction.

The Court finds that the *Lake Bowling Alley* case can be distinguished from the case at bar in several ways. First, in *Lake Bowling Alley*, the Supreme Court found that the president's letter to the assessor relating to the assessor's show cause proceeding was an appearance to the proceeding in which the assessment at issue was to be addressed. By contrast, in this case, the defendant's bar complaint was to the Virginia State Bar Grievance Department, not to the Court in which the plaintiff's demand for judgment was filed, the Circuit Court of Arlington County. The state bar's grievance procedures are entirely separate to causes of action pending in Circuit Court; the state bar is an entity separate from the state court system; is not affiliated with nor is it an agent or office of the Circuit Court; the state bar does not regularly communicate with the Circuit Court when it finds no grounds to censure or punish an attorney (as was the case here). Thus, in this case defendant was not responding directly to the plaintiff's cause of action against him, and the Court does not recognize it as a responsive pleading.

A stronger reason for dismissing this case is that neither this Court nor any other Court in Virginia has long-arm personal jurisdiction over the defendant. The plaintiff asserts that this Court has jurisdiction over this action via Va. Code § 8.01-328.1(A)(3), which states that "a court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's ... causing tortious injury by an act or omission in this Commonwealth."

Here, the damages alleged by plaintiff — the damage to plaintiff's boat, the misrepresentations about the boat's condition — occurred in Florida; the fact that plaintiff lives in Virginia and suffered a monetary loss does not create long-arm jurisdiction without more proof that an injury occurred in Virginia by acts occurring outside of Virginia. Virginia's long-arm statute, Code § 8.01-328.1 was not intended to create a new right of action, as this plaintiff attempts to do, but rather provides a means by which existing rights might be secured. *Jackson v. National Linen Serv. Corp.*, 248 F. Supp. 962 (W.D. Va. 1965). Here, there is no existing right that Virginia has an interest in securing; the injury occurred in Florida; the fact that the plaintiff lives in Arlington is not enough to extend the argument that an injury occurred in Virginia.

Mr. Sever is directed to draft an Order reflecting the Court's denial of the Motion to Reconsider.